IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:21-CR-00005-D-1

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | AMENDED CONSENT |
| v. | : | PRELIMINARY ORDER |
| | : | OF FORFEITURE |
| LEVAR ANTHONY LEARY | : | |

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement to Counts One, Two and Three of the Information, charging the defendant with offenses in violation of 18 U.S.C. § 1956(h) and 21 U.S.C. §§ 841(a)(1) and 846;

AND WHEREAS, the defendant consents to the terms of this Order and to the forfeiture of the property that is the subject of this Order of Forfeiture; stipulates and agrees that each item of property constitutes, or is derived from, proceeds obtained, directly or indirectly, as a result of the offenses to which he pled guilty, and/or was used or intended to be used to commit or facilitate the commission of the offenses to which he pleaded guilty, and is thereby subject to forfeiture pursuant to 21 U.S.C. § 853(a), or was involved in or traceable to property involved in a violation of 18 U.S.C. §§ 1956 or 1957, and is thereby subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1); and stipulates and agrees that each firearm and ammunition was involved in or used in the offenses to which he pleaded guilty, or was in the defendant's possession or immediate control at the time of arrest, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and/or 18 U.S.C. § 3665;

1

AND WHEREAS, the defendant stipulates and agrees that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial, possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

AND WHEREAS, the defendant knowingly and expressly agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(1), 32.2(b)(4), and 43(a), including waiver of any defect respecting notice of the forfeiture in the charging instrument or the plea colloquy; waiver of the right to a hearing to present additional evidence respecting the forfeitability of any specific property or the amount of any forfeiture money judgment; waiver of the right to be present during any judicial proceeding respecting the forfeiture of the property that is the subject of this Order of Forfeiture or to receive further notice of the same; waiver of any defect respecting the announcement of the forfeiture at sentencing; and waiver of any defect respecting the inclusion of the forfeiture in the Court's judgment;

AND WHEREAS, the defendant knowingly and expressly agrees that the provisions of this Consent Preliminary Order of Forfeiture are intended to, and shall, survive the defendant's death, notwithstanding the abatement of any underlying criminal conviction after the entry of this Order; and that the forfeitability of any particular property identified herein shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full;

NOW, THEREFORE, based upon the Plea Agreement, the stipulations of the parties, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offenses to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2), 21 U.S.C. § 853(a), 18 U.S.C. §§ 982(a)(1), 924(d) and/or 3665:

Real Property:

a) Real property having the physical address of 2135 US 17N, Merry Hill, North Carolina 27957, including any and all appurtenances and improvements thereto, being titled to Shenita Holley Alexander and legally described in deed book 0966, page 0103 of the Bertie County Registry, North Carolina;

b) Real property having the physical address of 651 Perrytown Road, Colerain, North Carolina 27924, including any and all appurtenances and improvements thereto, being titled to Letitia Ann Leary and legally described in deed book 0974, page 0694 of the Bertie County Registry, North Carolina;

c) Real property having the physical address of 139 Farless Road, Merry Hill, North Carolina 27957, including any and all appurtenances and improvements thereto, being titled to Shenita Alexander and legally described in deed book 0986, page 0130 of the Bertie County Registry, North Carolina; and

d) Real property having the physical address of 502 Pocosin Road, Windsor, North Carolina 27983, including any and all appurtenances and improvements thereto, being titled to Shenita Alexander and legally

3

described in deed book 964, page 378 of the Bertie County Registry, North Carolina.

Personal Property:

a)  One 9mm Luger Tec-9 handgun, bearing serial number 23792, seized on April 1, 2016 from LEVAR ANTHONY LEARY and any and all associated ammunition;

b)  One Smith and Wesson handgun, bearing serial number 22826, seized on April 22, 2016 from LEVAR ANTHONY LEARY and any and all associated ammunition;

c)  One 9mm Hi-Point handgun, bearing serial number P1293477, seized on July 7, 2016 from LEVAR ANTHONY LEARY and any and all associated ammunition;

d)  One First Choice Ballistic Vest, seized on July 7, 2016 from LEVAR ANTHONY LEARY;

e)  One .40 caliber Glock 22 handgun, bearing serial number EYT368, seized on August 14, 2017 from LEVAR ANTHONY LEARY and any and all associated ammunition;

f)  One .40 caliber Sig Sauer P229 handgun, bearing serial number AM58024, seized on August 14, 2017 from LEVAR ANTHONY LEARY and any and all associated ammunition;

g)  One .380 caliber Bryco Arms 38, bearing serial number 100528, seized on August 14, 2017 from LEVAR ANTHONY LEARY and any and all associated ammunition;

h)  One 9mm Sar Arms handgun, bearing serial number T1102-15Y00960, seized on January 20, 2021, from 651 Perrytown Road, North Carolina, and any and all associated ammunition;

i)  One .25 caliber Lorcin Model L25, bearing serial number 330532, seized on January 20, 2021, from 745 S Highway 45, Merry Hill, North Carolina, and any and all associated ammunition;

j)  One brown 2010 Buick Enclave, VIN: 5GALRBEDXAJ127622, registered to LEVAR ANTHONY LEARY, license plate FCT-3290, seized from LEVAR ANTHONY LEARY on May 9, 2020 in Martin County, Florida;

4

k) One white 2013 Cadillac XTS, VIN: 2G61S5S30D9107051 registered to Keisha Leary;

l) One white 2005 Ford F350, VIN: 1FTWW33P45EC41573, registered to LEVAR ANTHONY LEARY, license plate JT-1097; and

m) One black 2007 Lincoln Navigator, VIN: 5LMFL275X7LJ2266 registered to Keisha Leary, license plate PDX-3338, seized from LEVAR ANTHONY LEARY on January 20, 2021 in Colerain, North Carolina.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3. This Order shall also serve as a Writ of Entry and Inspection, authorizing the government or other personnel assisting the government to enter onto and into the premises of the above-described real property as necessary for purposes of conducting inspections, appraisals, and photographing or video-recording the property, to record and document the condition, value, and maintenance of the property until the forfeiture proceedings are concluded. Any occupants of the real property shall be served with a copy of this Order of Forfeiture and provided with

5

Case 2:21-cr-00005-D    Document 207    Filed 12/10/21    Page 5 of 9

notice of the forfeiture. **This Order specifically places any occupants on notice that they shall maintain the premises in its present condition as long as their occupancy continues and shall not materially alter, cause any damage to, or remove any fixtures from the real property. Any violation of this Order could result in criminal and/or civil sanctions pursuant to 18 U.S.C. § 2232(a) and/or this Court's contempt powers.**

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

5. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This

6

Order shall not take effect as the Court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

6. **Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.**

7. The United States shall serve this Order on all counsel of record for any co-defendant in this criminal matter. Such service shall constitute notice of the forfeiture to each co-defendant who has appeared in this case within the purview of Supplemental Rule G(4)(b)(iii)(B). **Any co-defendant who desires to preserve his/her right to contest the forfeiture of any of the property identified herein must, no later than 30 days after entry of this Order, file a valid petition pursuant to 21 U.S.C. § 853(n) and/or other appropriate objection as to why the forfeiture should not become final.** If no such filing is docketed within the allotted time, each non-objecting co-defendant shall be deemed to have

waived any right to contest the forfeiture, this Order shall become a Final Order of Forfeiture as to the property without a separate Preliminary Order of Forfeiture being entered as to that co-defendant or incorporated into that co-defendant's criminal judgment, and the rights of that co-defendant in the subject property, if any, shall be extinguished.

8. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in accordance with the following paragraph, as to any remaining property to which no petition has been filed.

9. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7). If any firearm or ammunition subject

to this Order is in the physical custody of a state or local law enforcement agency at the time this Order is entered, the custodial agency is authorized to dispose of the forfeited property by destruction or incapacitation in accordance with its regulations, when no longer needed as evidence.

10. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the 10 day of December, 2021.

JAMES C. DEVER II
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

G. NORMAN ACKER, III
Acting United States Attorney

BY: _____
NICK J. MILLER
Assistant United States Attorney
Criminal Division

LEVAR ANTHONY LEARY
Defendant

HART MILES
Attorney for the Defendant

9